# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A3CB MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-C,

    Plaintiff,
 vs.

SFR INVESTMENTS POOL 1, LLC; ALIANTE MASTER ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.,

    Defendants.

Case No.: 2:17-cv-02638-GMN-GWF

**ORDER**

  Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Aliante Master Association ("HOA"). Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed a Response, (ECF No. 18), and HOA filed a Reply, (ECF No. 21).

  Also pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendant SFR Investments Pool 1, LL ("SFR"). Plaintiff filed a Response, (ECF No. 29), and SFR filed a Reply, (ECF No. 30). For the reasons discussed below, the Court **DENIES** both Motions.

## I.  BACKGROUND

  Plaintiff filed its Complaint on October 11, 2017, asserting claims involving the non-judicial foreclosure on real property located at 6853 Jungle Fowl Street, North Las Vegas, Nevada, 89084 (the "Property"). (Compl. ¶ 1, ECF No. 1). On December 22, 2005, non-party Norman R. Flemens purchased the Property by way of a loan in the amount of $280,450.00. (*Id.* ¶¶ 12, 13).

On January 14, 2009, HOA, through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien. (*Id.* ¶ 14). On November 20, 2009, HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (*Id.* ¶ 15). On July 23, 2010, HOA recorded a notice of trustee's sale. (*Id.* ¶ 16). On March 8, 2013, SFR purchased the Property at the foreclosure sale pursuant to NRS § 116.1113. (*Id.* ¶ 18).

Plaintiff asserts the following causes of action against various parties involved in the foreclosure and subsequent sales of the Property: (1) quiet title with a requested remedy of declaratory judgment; (2) declaratory relief under the Fifth Amendment and Fourteenth Amendment; (3) quiet title under the Fifth Amendment and Fourteenth Amendment; (4) injunctive relief; (5) unjust enrichment; (6) negligence; (7) negligence per se; (8) breach of contract; (9) misrepresentation; (10) breach of the covenant of good faith and fair dealing; (11) wrongful and defective foreclosure; and (12) unjust enrichment. (*Id.*).

## II.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. DISCUSSION

Both HOA and SFR (collectively "Defendants") argue that Plaintiff's claims should be dismissed because they are time-barred. (*See, e.g.*, HOA's Mot. to Dismiss ("MTD") 2:3, ECF No. 11). Specifically, HOA argues that Plaintiff's claims accrued on March 16, 2013, and Plaintiff did not file its claims until October 11, 2017. (*Id.* 4:17–19). HOA asserts that "[b]ecause [Plaintiff's] claims were filed beyond the limitations set forth in NRS 11.190 and Nevada law, the Complaint should be dismissed with prejudice." (*Id.* 4:19–21). SFR agrees with HOA's assertions and similarly argues that Plaintiff "is not entitled to any longer statute of limitation than three years" pursuant to NRS § 11.190. (SFR's MTD 6:19, ECF No. 25).

However, this Court has previously applied the five-year limitations period under NRS § 11.070 for quiet title claims arising from HOA foreclosure sales. *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2006-HE8 Mortg. Pass-Through Certificates, Series 2006-HE8 v. SFR Investments Pool 1, LLC*, No. 2:17-cv-00259-GMN-NJK, 2018 WL 615669, at *3 (D. Nev. Jan. 26, 2018); *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale."); *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 Fed. Appx. 598, 600 (9th Cir. 2015) ("The statute of limitations for quiet title claims in

Nevada is five years."); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16–cv–00449–JCM–PAL, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15–cv–01433–APG–CWH, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016). Because Plaintiff's claims center on seeking quiet title from an HOA foreclosure sale, the Court deems NRS § 11.070 the appropriate limitations statute for the case at hand.

Indeed, the foreclosure sale occurred on March 16, 2013, and Plaintiff filed suit on October 11, 2007. (HOA's MTD 4:17–19). Pursuant to NRS § 11.070, the Court applies the five-year limitations period here, and Plaintiff's claims are not time-barred. Accordingly, the Court denies Defendants' Motions.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion to Dismiss, (ECF No. 25), is **DENIED**.

**DATED** this __8___ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge