**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A3CB MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-C,<br><br>Plaintiff,<br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC; ALIANTE MASTER ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No.: 2:17-cv-02638-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration, (ECF No. 37), filed by Defendant Aliante Master Association ("HOA"), to which Defendant SFR Investments Pool 1, LLC ("SFR") filed a Joinder, (ECF No. 47). Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed a Response, (ECF No. 44), and HOA filed a Reply, (ECF No. 46). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** HOA's Motion for Reconsideration.

I.     **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 6853 Jungle Fowl Street, North Las Vegas, Nevada 89084 (the "Property"). (Compl. ¶ 1, ECF No. 1). In the Complaint, Plaintiff asserts causes of action for: (1) quiet title with a requested remedy of declaratory judgment; (2) declaratory relief under the Fifth Amendment and Fourteenth Amendment; (3) quiet title under the Fifth Amendment and Fourteenth Amendment; (4) injunctive relief; (5) unjust enrichment against Borrower; (6) negligence; (7) negligence per se;

1  (8) breach of contract; (9) misrepresentation; (10) breach of the covenant of good faith and fair

2  dealing; (11) wrongful and defective foreclosure; and (12) unjust enrichment against HOA and

3  NAS. (*Id.*).

4        On November 13, 2017, HOA and SFR moved to dismiss each of Plaintiff's claims as

5  untimely under applicable statutes of limitations for each cause of action. (HOA's Mot. Dismiss

6  ("MTD") 2:16–4:21, ECF No. 11); (SFR's MTD 2:3–10, ECF No. 25). On August 8, 2018, the

7  Court denied HOA and SFR's motions to dismiss, finding that Plaintiff's claims effectively

8  centered on quieting title and therefore were timely asserted under a five-year limitations

9  period. (Order, ECF No. 36). HOA and SFR now request that the Court reconsider its prior

10  Order. (Mot. for Recons., ECF No. 37).

11  **II.**     **LEGAL STANDARD**

12        "[A] motion for reconsideration should not be granted, absent highly unusual

13  circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

14  Reconsideration is appropriate where: (1) the court is presented with newly discovered

15  evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or

16  (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v.*

17  *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

18  **III.**     **DISCUSSION**

19        HOA and SFR seek reconsideration on the Court's prior finding that a five-year

20  limitations period applies to this action. (HOA's Mot. 2:20–24, ECF No. 37); (SFR's Joinder

21  2:4–6:28, ECF No. 47). The Court previously reasoned that the gravamen of Plaintiff's action

22  stemmed in quiet title, and therefore a uniform limitations period was appropriate. As the case

23  has developed, however, it has become clear that Plaintiff seeks to maintain independent

24  theories separate from its quiet title claim. Accordingly, the Court finds reconsideration on the

25

applicable limitations periods for these individualized claims to be appropriate. The Court

addresses the statute of limitations for each cause of action in turn.

### A. Statutes of Limitations[1]

#### i. *Quiet Title*

As stated in the Court's prior Order, a five-year limitations period governs Plaintiff's

first and third claims to quiet title.[2] (Compl. ¶¶ 66–98, ECF No. 1); *see* NRS 11.070;

*DEUTSCHE BANK NATIONAL TRUST COMPANY, as Tr. for Saxon Asset Sec. Tr. 2007-3,*

*Mortg. Loan Asset Backed Certificates, Series 2007-3, Plaintiff, v. SFR INVESTMENTS POOL*

*1, LLC, et al., Defendants.*, No. 2:18–cv–00194–GMN–GWF, 2019 WL 1410887, at \*4 (D.

Nev. Mar. 28, 2019). Because Plaintiff filed its Complaint less than five years after the

foreclosure sale, Plaintiff's first and third claims for quiet title are timely. (*See* Compl.) (filed

October 11, 2017).

#### ii. *Negligence and Negligence Per Se*

Plaintiff bases its sixth claim in negligence and its seventh claim in negligence per se.

(Compl. ¶¶ 117–133). In Nevada, negligence claims are generally subject to a two-year statute

of limitations. *See* NRS 11.190(4)(e). Where a negligence claim arises from alleged statutory

violations, courts apply the longer three-year period under NRS 11.190(3)(a), for an "action

---

[1] To the extent Plaintiff seeks to lengthen the statutory limitations periods by arguing that it discovered its injury when the Nevada Supreme Court decided *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408 (Nev. 2014), such argument fails. That decision simply clarified the law. *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 294 (Nev. 2017) (en banc). Indeed, NRS 116's statutory language placed lenders on notice of their interests being in jeopardy. *See Mitchell v. State*, 149 P.3d 33, 38 (Nev. 2006) (holding that when a court clarifies the law, the clarification applies retroactively). Therefore, the date of the foreclosure sale is the operative date for purposes of calculating the statute of limitations. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, at 232 (Nev. 2017) (holding that the statute of limitations accrues on the date of the foreclosure sale).

[2] The Court need not address statutory limitations periods for Plaintiff's second claim for declaratory relief and fourth claim for injunctive relief because they are remedies associated with timely claims, not stand-alone causes of action. *See Freeto v. Litton Loan Serv., LP*, 3:09-cv-754-LRH-VPC, 2011 WL 112183, at \*3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claims").

upon a liability created by statute." *See, e.g.*, *Prof-2013-S3 Legal Title Tr., v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at \*6 (D. Nev. May 31, 2018). Under either a two or three-year limitations period, Plaintiff's negligence and negligence per se claims are untimely.

### iii. *Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing*

Plaintiff's eighth claim asserts breach of contract, and Plaintiff's tenth claim asserts breach of the implied covenant of good faith and fair dealing. These two claims focus on violations of the HOA's CC&Rs that controlled the Property. (Compl. ¶¶ 134–138, 148–153). NRS 11.190(1)(b) governs these claims because they focus "upon a contract, obligation or liability founded upon an instrument in writing." *Prof-2013-S3 Legal Title Tr., by U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at \*7 (D. Nev. May 31, 2018). Consequently, NRS 11.190(1)(b)'s six-year limitations period applies to these claims. Plaintiff's eighth and tenth claims are thus timely because they arise from the HOA's foreclosure sale that occurred on March 8, 2013. *Id.*

### iv. *Misrepresentation*

Plaintiff does not specify whether it bases its ninth claim for "misrepresentation" in fraud or negligence. (Compl. ¶¶ 139, 147). The Court therefore looks to "[t]he nature of the claim, not its label" to determine what statute of limitations applies. *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016).

Plaintiff alleges misrepresentation on the ground that HOA and NAS "failed to exercise reasonable care or competence in communicating the information within the provisions of the CC&Rs or it had an insufficient basis for making [such communication]." (*Id.* ¶¶ 139–147). This "reasonable care" language satisfies one of the required elements for a claim of negligent misrepresentation under Nevada law. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 449 (1998).

The Court accordingly construes Plaintiff's misrepresentation claim as one in negligence, subject to, at most, the three-year limitations period in NRS 11.190(3)(d). Plaintiff fourth claim is then time-barred and dismissed.

### v. *Unjust Enrichment*

Plaintiff's fifth and twelfth claims are based on unjust enrichment due to benefits allegedly conferred by Plaintiff after the Property's foreclosure sale. (Compl. ¶¶ 108–116, 165–170). Specifically, Plaintiff's fifth claim for unjust enrichment alleges that, after the foreclosure sale, Plaintiff paid "taxes, insurance or homeowner's association assessments," of which Borrower retained the benefit without compensating Plaintiff. (*Id.* ¶¶ 108–116). Similarly, Plaintiff's twelfth claim alleges that, "should Plaintiff's Complaint be unsuccessful in quieting title against Defendants, the HOA and HOA Trustee retained proceeds from the HOA Sale which belonged to Plaintiff." (*Id.* ¶¶ 165–170).

The statute of limitations for an unjust enrichment claim under Nevada law is four years. Nev. Rev. Stat. 11.190(2)(c). Here, Plaintiff provides no specific dates that show when it made payments or incurred charges that create its unjust enrichment claims; nor does Plaintiff state when the named defendants accepted or retained these benefits. Instead, Plaintiff states that these payments or charges arose "from the unlawful HOA sale" on March 8, 2013. (*Id.* ¶¶ 110, 166); (Foreclosure Deed, Ex. 7 to Compl., ECF No. 1). Because the only anchor date of March 8, 2013, is outside the four-year statute of limitations period, Plaintiff's unjust enrichment claims are dismissed as untimely.

### vi. *Wrongful Foreclosure*

Plaintiff's eleventh claim asserts "wrongful/defective foreclosure" against HOA and NAS. A wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Such a claim may be based on statutory violations or it may be a tort. *Bank of New York*

1   *v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1234 (D. Nev. 2018).

2   When premised upon statutory violations, a three-year limitations period applies. *See* NRS

3   11.190(3)(a) ("An action upon a liability created by statute, other than a penalty or forfeiture"

4   may only be commenced "[w]ithin 3 years."); *see Bank of New York Mellon v. Hillcrest at*

5   *Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *3 (D.

6   Nev. Jan. 31, 2019). Conversely, wrongful foreclosure actions sounding in tort are subject to

7   Nevada's four-year residual limitations period. NRS 11.220; *see Foothills*, 329 F. Supp. 3d at

8   1234 ("[T]he four-year catchall limitation is appropriate for a tortious wrongful foreclosure

9   claim."); *Bank of New York v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev.

10   2018) (same).

11      Here, BANA's "wrongful/defective foreclosure" claim arises from both statutory

12   violations of NRS Chapter 116 and as well as theories independent of that statutory scheme.

13   (Compl. ¶¶ 154–164). Therefore, at most, Plaintiff had to bring its claims within four years of

14   the Property's March 8, 2013 foreclosure sale. Because Plaintiff filed its Complaint more than

15   four years later, Plaintiff's eleventh claim is untimely and dismissed with prejudice. Moreover,

16   the Court rejects Plaintiff's argument that its wrongful foreclosure claim warrants a six-year

17   limitations period based on the claim's references to violations of the CC&Rs. Because the

18   authority behind the sale here was NRS 116, not the CC&Rs, the CC&Rs do not guide the

19   statute of limitations for this claim. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555,

20   559 (Nev. 2013); *Bank of New York Mellon v. Tierra De Las Palmas Owners Ass'n*, No. 2:17-

21   cv-02112-JAD-CWH, 2018 WL 2292525, at *3 (D. Nev. May 18, 2018).

22      **B. Pending Dispositive Motions**

23      After HOA filed its Motion for Reconsideration, the parties filed separate Motions for

24   Summary Judgment, (ECF Nos. 53, 55, 56). In light of the Court's reconsideration now finding

25   several of Plaintiff's claims untimely, the Court denies the pending Motions for Summary

Judgment as moot with leave to re-file.  Leave to refile permits the parties to tailor their arguments to Plaintiff's remaining claims without pages unnecessarily spent on now-barred causes of action.  Additionally, the Court recognizes the recent fluctuations in Nevada law for quiet title actions based on a homeowners' association foreclosure.  Thus, in re-filing, the parties are not confined to prior arguments or asserted authorities.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion for Reconsideration, (ECF No. 37), is **GRANTED in part** and **DENIED in part** pursuant to the foregoing.  Plaintiff's fifth, sixth, seventh, ninth, eleventh, and twelfth claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment, (ECF Nos. 53, 55, 56), filed by Plaintiff, HOA, and SFR are **DENIED as moot, without prejudice**.

**DATED** this __31__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge